UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MATTHEW A. PAGE,                )
                                )
        Petitioner,              )
                                )   No. 3:16 CV 649
    vs.                         )
                                )
SUPERINTENDENT,                 )
                                )
        Respondent.             )

## OPINION AND ORDER

Matthew A. Page, a *pro se* prisoner, filed a habeas corpus petition attempting to challenge his conviction and sentence by the Huntington Superior Court on June 24, 2014. (DE # 6.) However, habeas corpus petitions are subject to a strict one-year statute of limitations. 28 U.S.C. § 2244(d). There are four possible dates from which the limitation period begins to run:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In question 9 of the AO-241 form, Page was asked to explain why this petition is timely. (DE # 6 at 6.) In response, he wrote:

> Because this case was initiated prior to September 22, 2016 and the decision to deny my post-conviction was on 9-22-2015 within one year.

(*Id.*) Neither this answer nor the claims raised in the petition indicate that they are based on newly discovered evidence or a newly recognized constitutional right. Nor is there any indication that a state-created impediment prevented him from filing his federal petition on time. Accordingly, and contrary to Page's belief, pursuant to 28 U.S.C. § 2244(d)(1)(A), the 1-year period of limitation began on the date when the judgment became final upon the expiration of the time for seeking direct review of his conviction and sentence.

Here, Page plead guilty and was sentenced on June 24, 2014. (DE # 6 at 1.) He did not file a direct appeal. *Id.* The deadline for doing so expired on July 24, 2014. *See* Ind. R. App. P. 9.A.(1), 25.A. Therefore the 1-year period of limitation began on July 24, 2014, and continued to run until Page filed a post-conviction relief petition on April 14, 2015. (DE # 6 at 2.) Doing so tolled the 1-year period of limitation. But by then, 264 days had

elapsed and Page only had 101 days remaining.[1] The tolling ended when he dismissed his post-conviction relief petition on September 22, 2015. (DE # 6 at 2.) Therefore the 1-year period of limitation began again on September 23, 2015, and expired on January 4, 2016.[2] Because his original habeas corpus petition was not signed until more than eight months later, on September 19, 2016, it is untimely.

Additionally, even if the petition were timely, Page has not exhausted this claims in the state courts. To exhaust a claim, "the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory." *Lewis v. Sternes*, 390 F.3d 1019, 1025-1026 (7th Cir. 2004). Here, he has not presented any of his claims to the Indiana Supreme Court. Therefore his claims are unexhausted.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, the court must either issue or deny a certificate of appealability in all cases where it enters a final order adverse to the petitioner. To obtain a certificate of appealability, the petitioner must make a substantial showing of the denial of a constitutional right by establishing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473,

---

[1] When necessary, the 1-year period of limitation is counted as (and divided into) days. *See, e.g., Holland v. Florida*, 560 U.S. 631, 638 (2010) ("At that point, the AEDPA federal habeas clock again began to tick – with 12 days left on the 1-year meter.")

[2] The 101st day was on January 2, 2016, but because that was a Saturday, the deadline did not expire until the following Monday. *See* Federal Rule of Civil Procedure 6(a)(3)(A).

3

484 (2000) (internal quote marks and citation omitted). As explained, the petition was not timely filed. Furthermore, the claims therein are unexhausted. Nothing before the court suggests that jurists of reason could debate the correctness of this procedural ruling or find a reason to encourage this case to proceed further. Accordingly, the court declines to issue a certificate of appealability.

For the foregoing reasons, the petition (DE # 6) is **DENIED** pursuant to Rule 4 of the Rules Governing Section 2254 Cases, and the petitioner is **DENIED** a certificate of appealability.

**SO ORDERED**.

Date: January 4, 2017

s/ James T. Moody  
JUDGE JAMES T. MOODY  
UNITED STATES DISTRICT COURT